A. I. Smith Electrical Contractors, Inc., Respondent, *v.* Board of Education of the City of New York (Charles Evans Hughes H. S.), Appellant.

First Department, September 17, 1974.

*Adrian P. Burke, Corporation Counsel (L. Kevin Sheridan, Max E. Lynne* and *Herbert Perlman* with him on the brief), attorney for appellant.

*McDonough, Schneider, Marcus & Cohn (Eli Saul Cohn* of counsel), for respondent.

*Per Curiam.* Plaintiff brings this action to recover damages for breach of a contract whereby plaintiff performed certain electrical work in the construction of Charles Evans Hughes High School. Defendant board of education moved to dismiss the action as barred by a limitation included in the contract. The contract provided that no claim arising under it could be brought unless started " within one year after the date of acceptance of the work under this contract by the Board." On June 4, 1969, plaintiff applied for final payment. On July 11 the board found that plaintiff had substantially completed its contract on June 25, and the work was accepted on August 7, 1969. A check for the balance of the contract price was delivered to plaintiff on September 10. This action was begun October 21, 1971. Plaintiff had previously served a notice of claim on March 2, 1970.

Plaintiff claims that it is not barred because several change orders were issued subsequent to the acceptance of the work. These change orders, however, have nothing to do with plaintiff's claim. They have all been paid and there is no controversy or claim in regard to them. Special Term found that the issuance of the change orders constituted an estoppel. Patently this is not so. When plaintiff filed its notice of claim it was well aware of its contentions, and nothing in the subsequent change orders affected its rights or prevented it from bringing suit within the contract period. In an identical situation this court upheld a dismissal (*Theodore Kaish, Inc.* v. *Board of Educ.*, 41 A D 2d 807, affg. without opn. DAVIDSON, J., N. Y. L. J., March 9, 1972, p. 2, col. 4).

The order entered March 14, 1973, New York County, denying defendant's motion to dismiss the complaint should be reversed on the law and the motion granted, with costs.

MARKEWICH, J. P., MURPHY, LUPIANO, STEUER and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on or about March 14, 1973, unanimously reversed, on the law, the motion granted and the complaint dismissed. The appellant shall recover of respondent $40 costs and disbursements of this appeal.