■ DAVID COYNE & CO., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered April 21, 1977, which, upon grant of reargument, dismissed the complaint and granted defendant's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, judgment entered thereon vacated, and defendant's motion for summary judgment denied. This is an action by an electrical contractor against the board of education seeking the recovery, in 12 asserted causes of action, of retainage moneys held by the board under the contract; the cost of extras furnished by plaintiff pursuant to the board's change orders; and damages caused by the board's delay in performance of the contract. At Trial Term the board successfully moved to dismiss on the ground of untimely commencement of the action. Two different contractual time limitations are involved. As for retainage the contract provides for the commencement of an action "within six months from the date when such retained moneys shall become payable under * * * the contract." As for all other claims an action "shall be commenced within one year after the date of acceptance of the work under this contract by the Board." The board contends that the date of acceptance was July 17, 1968, when, by resolution, the final payment certificate was approved. The board further contends that a copy of the certificate together with a final payment breakdown was transmitted to plaintiff. Plaintiff denies receipt. The final payment warrant, issued in accordance with the final payment certificate, was dated February 17, 1969, and was received by plaintiff sometime thereafter. Article 47 of the contract further provided that the board would pay the contractor within 30 days of the comptroller's certification of the board's acceptance of the work. None of the extras claimed herein was audited and accepted by the board on July 17, 1968 nor was it part of the payment on February 17, 1969. In fact, the change orders for which recovery is sought were issued after the filing of the certificate of final payment. There is no evidence as to when the unfinished work for which retainage was withheld was completed, or accepted. Hence, an issue of fact exists as to the date these moneys became payable under the contract. Moreover, at least some of the retained funds were withheld, according to the certificate of final payment, to secure the contractor's one-year guarantee. Certainly, the guarantee would not begin to run until July 17, 1968. This lawsuit was commenced on December 24, 1969, within six months of the one-year anniversary of the filing of the certificate of final payment. Thus, that aspect of the retainage claim is timely as a matter of law. As to the claim for extras there is no evidence of when the board accepted this work. By contractual provision the one-year limitation would not commence until the board's acceptance of the change order work. In this connection, this case is distinguishable from *Smith Elec. Contrs. v Board of Educ.* (45 AD2d 458), where extras were not an element of plaintiff's tardily commenced lawsuit. As for the balance of the breach of contract damage claims, an issue of fact is presented as to whether the one-year proscriptive period was ever triggered since plaintiff denies receipt of the final payment certificate. In this connection it also claims estoppel, alleging that since the final payment warrant was not issued until February 17, 1969, in reliance upon article 47 of the contract, it concluded that the board's acceptance of the work was certified no earlier than 30 days before issuance of the warrant. Hence, it argues, the commencement of the action on December 24,

1969 was timely. In sum, issues of fact preclude the grant of summary judgment. Concur—Lupiano, J. P., Silverman, Lane, Sandler and Sullivan, JJ.